```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

BRUCE G. KOTEK,

                Plaintiff,

vs.                                   Case No. 2:03-cv-691-FtM-29DNF

ALMOST FAMILY, INC. d/b/a
CARETENDERS and, ALMOST FAMILY, a
Kentucky corporation,

                Defendants.
_____/

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Tax Costs and for an Award of Attorneys' Fees (Doc. #97), filed on March 11, 2005. Defendant also filed an Affidavit (Doc. #98) and Proposed Bill of Costs (Doc. #99) in support. Plaintiff filed a Response (Doc. #102) in opposition on March 28, 2005. Plaintiff argues that defendant is not entitled to attorney fees as the case was not frivolous and states that the Court did not reserve jurisdiction over an award of fees. As a preliminary matter, the Court finds that it does have jurisdiction over post-judgment motions, such as a request for fees, without specifically retaining jurisdiction. See Fed. R. Civ. P. 54(d)(2); Local Rule 4.18.

**I.**

On January 12, 2005, the Court entered an Opinion and Order (Doc. #69) granting defendant's Motion for Summary Judgment as to

that portion of Count I which related to the elimination of health benefits, and as to Count III in its entirety.  The motion was otherwise denied and proceeded to trial before a jury starting February 23, 2005.  The jury found that plaintiff's Parkinson's Disease was not an impairment that substantially limited a major life activity, and that plaintiff was not regarded by defendant as having an impairment that substantially limited a major life activity.  The Court also issued an Opinion and Order (Doc. #93) finding that plaintiff had failed to establish his retaliation claim, and providing that if an appellate court determined that plaintiff was not entitled to a jury trial on the retaliation claim, that the findings would control.  Judgment (Doc. #94) was entered on February 25, 2005, dismissing the case on the merits and providing that plaintiff shall take nothing and defendant to recover costs from plaintiff.

Under 42 U.S.C. § 12205, a prevailing party is entitled to a "reasonable attorney's fee, including litigation expenses, and costs" at the Court's discretion.  The Court finds that defendant is the prevailing party, as defined by the Eleventh Circuit Court of Appeals, and would be entitled to a reasonable fee, including expenses and costs. Different rules apply, however, depending upon whether the prevailing party was the plaintiff or the defendant. A more stringent standard applies to a prevailing defendant, who may be awarded attorney fees only if the court finds that

plaintiff's claim was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. Christiansburg Garment Co., 434 U.S. at 421; Bonner v. Mobile Energy Servs. Co., L.L.C., 246 F.3d 1303, 1304 (11th Cir. 2001). In Sullivan v. School Bd. of Pinellas County, 773 F.2d 1182, 1188-90 (11th Cir. 1985), the Eleventh Circuit established that this determination is to be made on a case-by-case basis, and identified a non-exhaustive list of factors to be considered: whether (1) plaintiff established a prima facie case; (2) defendant offered to settle; and (3) trial court dismissed the case prior to trial or held a trial on the merits. Sullivan, 773 F.2d at 1189 (citations omitted). These factors are only general guidelines and not hard and fast rules. Bonner, 246 F.3d at 1305 n. 9; Bruce v. City of Gainesville, Ga., 177 F.3d 949, 952 (11th Cir. 1999).

Viewing the evidence in the light most favorable to the non-prevailing party, as the Court must, Johnson v. Florida, 348 F.3d 1334, 1354 (11th Cir. 2003), the Court cannot find that the case was frivolous, unreasonable or without foundation. As such, the Court declines to award fees and expenses to defendant as a prevailing party.

## II.

Under Fed. R. Civ. P. 54(d), costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). While the Court retains discretion to

deny costs to a prevailing party, the presumption is in favor of the award of costs, particularly where Congress has provided for the imposition of costs. <u>Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc.</u>, 249 F.3d 1293, 1296 (11th Cir. 2001). The Court has determined that defendant is the prevailing party, and after reviewing the file in this case, the Court finds no reason to deny costs to the prevailing party.

"[Title 28 U.S.C.] Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441-42 (1987). These include the following:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;. . . .

28 U.S.C. § 1920. Defendant seeks $7,108.17 in costs associated with service of process, depositions, witnesses, and copying.

**A. Service**

Costs incurred as a result of private process servers may be taxed under 28 U.S.C. § 1920(1), so long as the amount does not exceed the statutory limit. <u>United States EEOC v. W&O, Inc.</u>, 213 F.3d at 624. Under 28 C.F.R. § 0.114, the United States Marshal charges $45.00 per hour for each item served personally. The Bill

of Costs reflects a request for $205.00 for serving five subpoenas, which results in a cost per person under the statutory limit. Therefore, the Court will tax **$205.00.**

**B. Depositions**

Taxation of deposition costs is authorized by § 1920(2) if the deposition was wholly or partially necessarily obtained for use in the case, including a summary judgment motion. United States EEOC v. W&O, Inc., 213 F.3d 600, 620-22 (11th Cir. 2000). Having reviewed the Motions, the Court finds that the depositions were necessarily obtained for use in the case and plaintiff has presented no objection to the amount. The depositions, or excerpts thereof, were filed with the Court. The Court will tax the **$3,367.84** requested.

**C. Witnesses**

Under 28 U.S.C. § 1821(b), a witness attending court or a deposition shall be paid a $40.00 attendance fee plus travel expenses. This $40.00 is a maximum amount per witness, including expert witnesses. Artisan Contractors Assoc. of Am. v. Frontier Ins. Co., 275 F.3d 1038, 1040 (11th Cir. 2001); Morrison v. Reichhold Chems., Inc., 97 F.3d 460, 463 (11th Cir. 1996); Cronin v. Washington Nat'l Ins. Co., 980 F.2d 663, 672 (11th Cir. 1993). Defendant requests $210.47 for five witnesses, which the Court finds to be reasonable. The Court will tax **210.47** in costs.

**D.  Copying**

Under 28 U.S.C. § 1920(4), only costs for "copies of papers necessarily obtained for use in the case" may be taxed. Photographs are considered copies for the purposes of § 1920. Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc., 249 F.3d at 1296. "Charges for extra copies and for documents prepared for convenience, preparation, research, or for the records of counsel are not taxable." Maris Distrib. Co. v. Anheuser-Busch, Inc., 2001 WL 862642, *4 (M.D. Fla. 2001)(citing Goodwall Constr. Co. v. Beers, 824 F. Supp. 1044, 1065 (N.D. Ga. 1992)).

Having reviewed the receipts attached to the Bill of Costs (Doc. #99), the Court finds that the extra set for defendant's trial exhibits should be eliminated. Therefore, the Court will eliminate 2314 pages at a rate of .20¢ a page and tax **$2,862.06**.

**E.  Mediation**

Defendant, through an Affidavit of Attorneys' Fees (Doc. #98, Ex. 1 p. 6), states that the firm incurred $412.50 in mediation expenses. Although mediation costs are not taxable under § 1920, under the Case Management and Scheduling Order,

> The mediator shall be compensated at an hourly rate of $150, Local Rule 9.02(f), or at a rate stipulated by the parties in advance of mediation and borne equally by the parties. Upon motion of the prevailing party, the party's share may be taxed as costs in this action.

(Doc. #11, Section IV.F).  Because the Court has determined that defendant is a prevailing party, the Court will tax costs for the mediation in the amount of **$412.50**.

Accordingly, it is now

**ORDERED**:

1.  Defendant's Motion to Tax Costs and for an Award of Attorneys' Fees (Doc. #97) is **DENIED** as to the request for attorney fees and **GRANTED** as to the request for costs to the extent that defendant is entitled to **$7,057.87** in taxable costs

2.  The Clerk shall enter an Amended Judgment adding that defendant is entitled to **$7,057.87** in taxable costs.

**DONE AND ORDERED** at Fort Myers, Florida, this   12th   day of May, 2005.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge